1  CAROTHERS DISANTE & FREUDENBERGER LLP
    Joel Van Parys, State Bar No. 227387
2      jvanparys@cdflaborlaw.com
    Nicole A. Legrottaglie, State Bar No. 271416
3      nlegrottaglie@cdflaborlaw.com
  900 University Avenue, Suite 200
4  Sacramento, CA 95825
  Telephone:  (916) 361-0991
5
  LEGALLY NANNY®
6      Robert E. King, State Bar No. 198325
    info@legallynanny.com
7  37 Trailwood
  Irvine, CA 92620-1216
8  Telephone:  (714) 336-8864
  Facsimile:  (714) 389-3971
9
  Attorneys for Defendant
10  LIVHOME, INC.

11             **UNITED STATES DISTRICT COURT**

12            **CENTRAL DISTRICT OF CALIFORNIA**

13

14  DIANE KHACHATURIAN, an
  individual, on behalf of herself, other
15  current and former aggrieved
  employees, and the State of California,
16  as a private attorneys general,

17           Plaintiffs,
      vs.
18
  LIVHOME, INC., a Delaware
19  corporation; and DOES 1 through 25,
  inclusive,
20
         Defendants.
21

Case No.

Removed from Los Angeles County
Superior Court Case No. 20STCV08469

**DECLARATION OF JOEL VAN
PARYS IN SUPPORT OF
DEFENDANT LIVHOME, INC.'S
NOTICE OF REMOVAL**

22

23

24

25

26

27

28

I, Joel Van Parys, declare as follows:

1.      I am an attorney at law duly licensed to practice before this Court.  I am a partner with the law firm of Carothers DiSante & Freudenberger LLP, counsel of record for Defendant LivHOME, Inc. in this action.  I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.      On May 8, 2020, Defendant filed a timely Notice of Removal to remove the instant action from Los Angeles County Superior Court to the United States District Court Central District of California on the basis of diversity jurisdiction.

3.      On May 14, 2020, the Court issued a minute order remanding the case back to the Los Angeles County Superior Court for lack of subject matter jurisdiction on the grounds that Defendant did not adequately allege that Plaintiff is a citizen of California.  A true and correct copy of the May 14, 2020 minute order is attached hereto as **Exhibit A**.

4.      As a result of the Court's remand order, my office served limited written discovery to Plaintiff seeking her admission that she is a citizen of California.  A true and correct copy of Defendant's Request for Admissions to Plaintiff, served on June 5, 2020 is attached as **Exhibit B**.

5.      Plaintiff served responses to Defendant's Request for Admissions on June 12, 2020 admitting that she is a citizen of California.  A true and correct copy of Plaintiff's responses is attached hereto as **Exhibit C**.

6.      Following receipt of Plaintiff's responses to Defendant's Request for Admissions, wherein she admitted she was a citizen of California, Defendant filed a second Notice of Removal on July 7, 2020 to remove the instant action from Los Angeles County Superior Court to the United States District Court Central District of California on the basis of diversity jurisdiction.

7.      On July 9, 2020, the Court issued a minute order remanding the case back to the Los Angeles County Superior Court for lack of subject matter jurisdiction on

DEC OF JOEL VAN PARYS ISO
DEFENDANT'S NOTICE OF REMOVAL

Carothers DiSante &
Freudenberger LLP

1676399.1

1  the grounds that Defendant did not adequately establish that the $75,000 amount in

2  controversy requirement for diversity jurisdiction has been satisfied.  A true and

3  correct copy of the July 9, 2020 minute order is attached hereto as **Exhibit D**.

4     8.    As a result of the Court's remand order, my office again served limited

5  written discovery to Plaintiff seeking her admission that the total amount of monetary

6  damages that she is seeking in this lawsuit exceeds $75,000, exclusive of interest,

7  costs, and civil penalties pursuant to Labor Code section 2699 *et seq*.  A true and

8  correct copy of Defendant's Request for Admissions, set two, to Plaintiff, served on

9  July 28, 2020, is attached as **Exhibit E**.

10    9.    Plaintiff served responses to Defendant's Request for Admissions on

11  August 28, 2020, admitting that the total amount of monetary damages she is seeking

12  in this lawsuit exceeds $75,000, exclusive of interest, costs, and civil penalties

13  pursuant to Labor Code section 2699 *et seq*.  Plaintiff's response was the first pleading

14  from which Defendant could clearly ascertain that the amount in controversy exceeds

15  $75,000.  A true and correct copy of Plaintiff's responses is attached hereto as

16  **Exhibit F**.

17    10.    Upon receipt of Plaintiff's discovery responses, we confirmed that the

18  parties are diverse and Plaintiff's claims satisfied the amount in controversy

19  requirement which satisfies the requirement of diversity jurisdiction.

20     I declare under penalty of perjury under the laws of the State of California that

21  the foregoing is true and correct.

22     Executed on this 29rd day of September, 2020, at Sacramento, California.

23

24                                     */s/ Joel Van Parys*

25                                     Joel Van Parys

26

27

28

# EXHIBIT  A

# EXHIBIT  A

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4223 PA (JPRx) | Date | May 14, 2020 |
|---|---|---|---|
| Title | Diane Khachaturian v. LivHOME, Inc. et al. | | |

Present: The Honorable   PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| T. Jackson | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

Plaintiff Diane Khachaturian filed a Complaint against defendant LivHOME, Inc. ("Defendant") on February 18, 2020 in this Court. See Diane Khachaturian v. LivHOME, Inc. et al., Case No. CV 20-01584 PA (JPRx). On February 20, 2020, the Court dismissed the Complaint for lack of subject matter jurisdiction because Plaintiff had failed to properly allege the citizenship of Defendant. The Court granted Plaintiff leave to amend and instructed that any amended complaint should be filed no later than February 27, 2020. On March 9, 2020, the Court found that Plaintiff had abandoned her claims by failing to file an amended complaint in compliance with the Court's order. The Court therefore dismissed the action without prejudice for lack of prosecution and failure to comply with a Court order.

Plaintiff re-filed the action in Los Angeles County Superior Court, Case No. 20STCV08469, on February 28, 2020. (Dkt. 1 ("Removal") ¶2.) Plaintiff served the Summons and Complaint to Defendant on April 8, 2020. (Id. at ¶4.) Defendant then removed the action to this Court on May 8, 2020. The Notice alleges this Court possesses diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. (Id. at ¶7.)

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Jurisdiction may be based on complete diversity of citizenship, requiring all plaintiffs to have a different citizenship from all defendants and for the amount in controversy to exceed $75,000.00. See 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d

---

**CIVIL MINUTES - GENERAL**

**EXHIBIT A**

**5**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4223 PA (JPRx) | | Date | May 14, 2020 |
|---|---|---|---|---|
| Title | Diane Khachaturian v. LivHOME, Inc. et al. | | | |

1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).

The Notice of Removal states, "Plaintiff was employed by Defendant and worked in the County of Los Angeles, which is in the State of California. [See Ex. A., Compl. ¶ 3.] Additionally, Plaintiff reported that she lived in California at all times during her employment. [See Decl. of A. Medoff ¶ 5(b)]. Accordingly, Plaintiff is a citizen of the State of California for purposes of this removal." (Removal ¶14.) And Defendant's declaration from Ari Medoff simply states, "[d]uring the entirety of Ms. Khachaturian's employment with LivHOME, her personnel documents listed a California address for her place of residence." (Dkt. 1-2 at 3.) But residence is not necessarily the same as domicile. Kanter, 265 F.3d at 857 ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."). Without more, Defendant has not adequately alleged Plaintiff's state of domicile, and thus Plaintiff's citizenship. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Id.

For these reasons, the Court concludes that Defendant has not met the burden of showing this Court has subject matter jurisdiction over Plaintiff's claims. This action is therefore remanded to the Superior Court of California for the County of Los Angeles, Case No. 20STCV08469, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

**EXHIBIT A**

**6**

# EXHIBIT  B

# EXHIBIT  B

1   CAROTHERS DISANTE & FREUDENBERGER LLP
      Joel Van Parys, State Bar No. 227387
2     jvanparys@cdflaborlaw.com
      Nicole A. Legrottaglie, State Bar No. 271416
3     nlegrottaglie@cdflaborlaw.com
    900 University Avenue, Suite 200
4   Sacramento, CA 95825
    Telephone:  (916) 361-0991
5
    LEGALLY NANNY®
6     Robert E. King, State Bar No. 198325
      info@legallynanny.com
7   37 Trailwood
    Irvine, CA 92620-1216
8   Telephone:  (714) 336-8864
    Facsimile:  (714) 389-3971
9
    Attorneys for Defendant
10  LIVHOME, INC.

11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12               **COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

13

14  DIANE KHACHATURIAN, an individual, on      ) Case No. 20STCV08469
    behalf of herself, other current and former  )
15  aggrieved employees, and the State of       ) Assigned for All Purposes To:
    California, as a private attorneys general,   ) Judge: Hon. David J. Cowan
16                                              ) Dept:    20
              Plaintiffs,                        )
17                                              ) **DEFENDANT LIVHOME, INC.'S**
          vs.                                   ) **REQUEST FOR ADMISSION, SET ONE**
18  LIVHOME, INC., a Delaware corporation; and  ) **TO PLAINTIFF DIANE**
    DOES 1 through 25, inclusive,               ) **KHACHATURIAN**
19                                              )
              Defendants.                        ) Action Filed:  February 28, 2020
20  _____ )

21
          PROPOUNDING PARTY:    LIVHOME, INC.
22
          RESPONDING PARTY:     DIANE KHACHATURIAN
23
          SET NO.:              ONE
24

25

26

27

28

CAROTHERS DISANTE &
FREUDENBERGER LLP

                                          DEFENDANT'S RFA, SET ONE TO
                                                            PLAINTIFF

1633742.1

EXHIBIT B
8

TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

Defendant LivHOME, Inc. ("Defendant") hereby requests Plaintiff Diane Khachaturian to admit the truth of each of the following requests under oath pursuant to California Code of Civil Procedure Section 2033.010 *et seq.* within thirty (30) from the date of service hereof.

**REQUEST FOR ADMISSION NO. 1:**

Admit that California is your state of domicile. For purposes of this Request, "domicile" is defined as the place where you reside with the intent to remain indefinitely.

**REQUEST FOR ADMISSION NO. 2:**

Admit that you are a citizen of California.

**REQUEST FOR ADMISSION NO. 3:**

Admit that you have been a citizen of California since 2002.

**REQUEST FOR ADMISSION NO. 4:**

Admit that you do not have residences outside of California.

**REQUEST FOR ADMISSION NO. 5:**

Admit that you intend to remain a citizen of California indefinitely.

**REQUEST FOR ADMISSION NO. 6:**

Admit that you reside in California.

**REQUEST FOR ADMISSION NO. 7:**

Admit that you have resided in California since 2002.

**REQUEST FOR ADMISSION NO. 8:**

Admit that California has been your state of domicile since 2002.

**REQUEST FOR ADMISSION NO. 9:**

Admit that you have no state of domicile other than California.

**REQUEST FOR ADMISSION NO. 10:**

Admit that you are not a citizen of any state other than California.

/ / /

/ / /

/ / /

1

DEFENDANT'S RFA, SET ONE TO PLAINTIFF

1633742.1

1    Dated:  June 5, 2020                CAROTHERS DISANTE & FREUDENBERGER LLP

2

3                                        By: _____

4                                                    Joel Van Parys
                                                   Nicole A. Legrottaglie
5                                        Attorneys for Defendant
                                         LIVHOME, INC.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                          2              DEFENDANT'S RFA, SET ONE TO
                                                                           PLAINTIFF
     1633742.1

1

## **PROOF OF SERVICE**

2

3          STATE OF CALIFORNIA, COUNTY OF SACRAMENTO.

4

5          I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action.  My business address is 900 University Avenue, Suite 200, Sacramento, CA 95825.  On June 5, 2020, I served upon the interested

6     party(ies) in this action the following document described as:

7     DEFENDANT LIVHOME, INC.'S REQUEST FOR ADMISSION, SET ONE TO PLAINTIFF DIANE KHACHATURIAN

8

9          By placing a true copy thereof enclosed in sealed envelope(s) addressed as stated below.

J.B. Twomey                                    Kunal Jain
10    J.B. TWOMEY LAW                        James L. Hanger III
      7056 Archibald Street, Suite 102-452     JAIN LAW OFFICES, P.C.
11    Corona, CA 92880                          10866 Wilshire Blvd, Ste. 400-#777
      Telephone: (310) 980-6357                 Los Angeles, CA 90024
12                                              Telephone: (310)-957-2214
      FAX: (818) 937-6897
13    E-MAIL: JB@JBTwomeyLaw.com               FAX: (424)-313-7123
                                               E-MAIL: Kunal@JainLawOffices.com;
14                                             James@JainLawOffices.com

15    [X]    **(Service By Electronic Transmission**)  Per California Rules of Court Emergency Rule 12 requiring parties to accept service by electronic transmission until 90 days after the

16           Governor declares that the state of emergency related to the COVID-19 pandemic is lifted, I caused the documents to be sent to the persons at the electronic notification addresses listed

17           above/below.

18          I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

19

20          Executed on June 5, 2020, at Sacramento, California.

21    _____                  _Melissa Adams_
             Melissa Adams
22        (Type or print name)                      (Signature)

23

24

25

26

27

28

                                          3                      DEFENDANT'S RFA, SET ONE TO
                                                                          PLAINTIFF

CAROTHERS DISANTE &
FREUDENBERGER LLP

1633742.1

# EXHIBIT  C

# EXHIBIT  C

1  **J.B. TWOMEY LAW**
J.B. Twomey [SBN 294206]
2  JB@JBTwomeyLaw.com
7056 Archibald Street, Suite 102-452
3  Corona, California 92880
Telephone: (310) 980-6357
4  Facsimile: (818) 937-6897

5  **JAIN LAW OFFICES, P.C.**
6  Kunal Jain, SBN 296642
Kunal@JainLawOffices.com
7  James L. Hanger III, SBN 293416
James@JainLawOffices.com
8  10866 Wilshire Blvd, STE 400-#777
Los Angeles, CA 90024
9  Business: (310)-957-2214
Facsimile: (424)-313-7123

10
Attorneys for Plaintiff,
11      DIANE KHACHATURIAN

12              **SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR**

13          **THE COUNTY OF LOS ANGELES – CENTRAL – STANELY MOSK COURTHOUSE**

14

15  | DIANE KHACHATURIAN, an individual, on behalf of herself, other current and former aggrieved employees, and the State of California, as a private attorneys general, | **Case No.** 20STCV08469 |

16

17                  Plaintiffs,

18      vs.

19  LIVHOME, INC., a Delaware corporation; and DOES 1 through 25, Inclusive,

20                  Defendants.

**PLAINTIFF DIANE KHACHATURIAN'S RESPONSES TO DEFENDANT LIVHOME, INC.'S REQUESTS FOR ADMISSION, SET ONE**

21

22  *[Assigned for all purposes before the Honorable David J. Cowan, Department 20]*

23

24

25  ///

26  ///

27  ///

28
                                – 1 –
PLAINTIFF DIANE KHACHATURIAN'S RESPONSES TO DEFENDANT LIVHOME, INC.'S REQUESTS FOR
ADMISSION, SET ONE

EXHIBIT C
13

PROPOUNDING PARTY:    **LIVHOME, INC.**

RESPONDING PARTY:    **DIANE KHACHATURIAN**

SET NO.:    **ONE**

## PRELIMINARY STATEMENT

It should be noted that Plaintiff DIANE KHACHATURIAN (hereinafter referred to as "Responding Party," "Plaintiff,") has not fully completed Plaintiff's investigation of the facts relating to this case, has not fully completed Plaintiff's discovery in this action and has not completed Plaintiff's preparation for trial. All the responses contained herein are based only upon such information and documentation as is presently available to and specifically known to Plaintiff. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, as well as, establish entirely new conclusions and legal contentions, all of which may lead to substantial changes in and variations from the contentions set forth herein.

The following responses are given without prejudice to Plaintiff's right to produce evidence of any subsequently discovered facts which Plaintiff may later recall. Accordingly, Plaintiff reserves the right to change any responses herein as additional facts are ascertained and analyses are made. The responses contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as are presently known, but should in no way be to the prejudice of Plaintiff in relation to further discovery, research or analysis.

## GENERAL OBJECTIONS

Plaintiff objects to Defendant LIVHOME, INC.'s (hereinafter referred to as "Defendant" or "Propounding Party") Requests for Admissions, Set One on the following grounds, each of which is incorporated by reference in the responses to the individual requests, *infra*. All responses to the individual requests are subject to and without waiver of any of these general objections.

1. Plaintiff objects to each Request/Demand, Instruction, or Definition which seeks information which is neither relevant or material to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to

each Request/Demand, Instruction, or Definition which purports to impose obligations greater than those imposed by the *California Code of Civil Procedure* or the *California Rules of Court*. In responding to these Requests/Demands, Plaintiff will comply with the *California Code of Civil Procedure* and the *California Rules of Court*, but will not comply with any definition or instruction that seeks to impose further requirements.

2. Plaintiff objects to each Request/Demand as vague, ambiguous, unintelligible, overboard, unduly burdensome, harassing, and oppressive.  Accordingly, Plaintiff reserves the right to supplement these responses after discovery has been completed in this action.

3. Plaintiff objects to each Request/Demand to the extent that the information sought by Defendant is equally available to Defendant, and/or is in its possession.

4. Plaintiff objects to each Request/Demand to the extent that they seek information protected by the attorney-client privilege, the attorney work-product doctrine, the physician-patient privilege, the psychotherapist-patient privilege, right to privacy, or information that is otherwise privileged or immune from discovery. These objections include, but are not limited to, information that Defendant seeks regarding communications between Plaintiff and Plaintiff's attorney(s) made during or in anticipation of litigation.

### RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION No. 1:**

Admit that California is your state of domicile. For purposes of this Request, "domicile" is defined as the place where you reside with the intent to remain indefinitely.

**Response to REQUEST FOR ADMISSION No. 1:**

Admit.

**REQUEST FOR ADMISSION No. 2:**

Admit that you are a citizen of California.

**Response to REQUEST FOR ADMISSION No. 2:**

Admit.

– 3 –

PLAINTIFF DIANE KHACHATURIAN'S RESPONSES TO DEFENDANT LIVHOME, INC.'S REQUESTS FOR ADMISSION, SET ONE

EXHIBIT C
15

**REQUEST FOR ADMISSION No. 3:**

Admit that you are have been a citizen of California since 2002.

**Response to REQUEST FOR ADMISSION No. 3:**

Admit.

**REQUEST FOR ADMISSION No. 4:**

Admit that you do not have residences outside of California.

**Response to REQUEST FOR ADMISSION No. 4:**

Admit.

**REQUEST FOR ADMISSION No. 5:**

Admit that you intend to remain a citizen of California indefinitely.

**Response to REQUEST FOR ADMISSION No. 5:**

Admit.

**REQUEST FOR ADMISSION No. 6:**

Admit that you reside in California.

**Response to REQUEST FOR ADMISSION No. 6**:

Admit.

**REQUEST FOR ADMISSION No. 7:**

Admit that you have resided in California since 2002.

**Response to REQUEST FOR ADMISSION No. 7:**

Admit.

**REQUEST FOR ADMISSION No. 8:**

Admit that California has been your state of domicile since 2002.

**Response to REQUEST FOR ADMISSION No. 8:**

Admit.

1  **REQUEST FOR ADMISSION No. 9:**

2      Admit that you have no state of domicile other than California.

3  **Response to REQUEST FOR ADMISSION No. 9:**

4      Admit.

5

6  **REQUEST FOR ADMISSION No. 10:**

7      Admit that you are not a citizen of any state other than California.

8  **Response to REQUEST FOR ADMISSION No. 10:**

9      Admit.

10

11

12  DATED:  June 11, 2020                                          **J.B. TWOMEY LAW**

13

14                                                    BY: _____

15                                                                    J.B. Twomey
                                                                  Attorney for Plaintiff,
16                                                              DIANE KHACHATURIAN

17

18

19

20

21

22

23

24

25

26

27

28

## VERIFICATION

STATE OF CALIFORNIA      )
                               )
COUNTY OF LOS ANGELES  )

      I am the Plaintiff in the case number 20STCV08469. I am familiar with the contents of the following document: PLAINTIFF DIANE KHACHATURIAN'S RESPONSES TO DEFENDANT LIVHOME, INC.'S REQUESTS FOR ADMISSION, SET ONE. The information supplied therein is based on my own personal knowledge and/or has been supplied by my attorneys or other agents and/or compiled from available documents and is therefore provided as required by law. The information contained in the above-identified document is true, except as to the matters which were provided by attorneys and/or other agents or compiled from available documents, including all contentions and opinions, and, as to those matters, I am informed and believe that they are true.

      I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

EXECUTED THIS 10th day of June, 2020 in California.

DIANE KHACHATURIAN

EXHIBIT C

18

**PROOF OF SERVICE**

**STATE OF CALIFORNIA**

I am a resident of or employed in the county where the mailing took place.  At the time of service, I was at least 18 years old and not a party to this action.  My business address is: 7056 Archibald Street, Suite 102-452, Corona, California 92880.

On June 12, 2020, I served the following documents described as:

**PLAINTIFF DIANE KHACHATURIAN'S RESPONSES TO DEFENDANT LIVHOME, INC.'S REQUESTS FOR ADMISSION, SET ONE; VERIFICAION**

by placing true copies thereof enclosed in sealed envelopes and/or packages and/or electronic versions addressed to the persons listed in **SERVICE LIST** attached and

[xx]    **BY ELECTRONIC MAIL**: Pursuant to the an agreement between the parties in this matter, as well as, Los Angeles County Superior Court's May 3, 2019 First Amended General Order and California Rules of Court, Rule 2.251(c)(3), I caused the herein described document(s) to be delivered electronically to the addressee(s), whose name(s) and electronic mail address(es) are set forth in the **SERVICE LIST** attached.

[  ]    **BY MAIL**: in Corona, California, I placed the sealed envelope for collection and for mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.  I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[  ]    **BY FACSIMILE:** I served said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the *California Rules of Court*.  The telephone number of the sending facsimile machine was (818) 937-6897.  The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the **SERVICE LIST** attached.  A transmission report was properly issued by the sending facsimile machine, and the transmission was reported as complete and without error.

[  ]    **BY HAND DELIVERY**: I caused such envelope(s) to be delivered by hand to the office of the addressee(s) listed in **SERVICE LIST** attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this June 12, 2020, at Corona, California.

_____
J.B. TWOMEY

1    <u>**SERVICE LIST**</u>

2    <u>**BY ELECTRONIC MAIL**</u>:

3    **Carothers DiSante & Freudenberger LLP**

4

5    Joel Van Parys, Esq.
     jvanparys@cdflaborlaw.com

6    Melissa Adams, Esq.
     madams@cdflabor.com

7

8

9    **Legally Nanny**

10   Bob King, Esq.
     info@legallynanny.com

11

12   *Attorneys for Defendant*

13

14   **JAIN LAW OFFICES, P.C.**

15   Kunal Jain, Esq.
     Kunal@JainLawOffices.com

16

17   James Hanger, Esq.
     James@JainLawOffices.com

18

19   *Co-Attorneys for Plaintiff*

20

21

22

23

24

25

26

27

28

# EXHIBIT  D

# EXHIBIT  D

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6028 PA (JPRx) | Date | July 9, 2020 |
|---|---|---|---|
| Title | Diane Khachaturian v. LIVHOME, Inc. et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| T. Jackson | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**            IN CHAMBERS - COURT ORDER

Plaintiff filed a complaint against Defendant in this Court on February 18, 2020.  See Diane Khachaturian v. LIVHOME, Inc. et al., CV 20-1584 PA (JPRx).  On February 20, 2020, the Court dismissed the complaint for lack of subject matter jurisdiction but granted Plaintiff leave to amend.  On March 9, 2020, the Court dismissed the action without prejudice because Plaintiff failed to file any amended complaint by the designated deadline.

Plaintiff re-filed the action in Los Angeles Superior Court on February 28, 2020.  Defendant filed a Notice of Removal on May 8, 2020, alleging that this Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332.  See Diane Khachaturian v. LIVHOME, Inc. et al., CV 20-4223 PA (JPRx).  On May 14, 2020, the Court remanded the action to state court because Defendant had not adequately alleged Plaintiff's state of domicile, and thus Plaintiff's citizenship.  Therefore, Defendant had not met the burden of showing that this Court has subject matter jurisdiction over Plaintiff's claims.

Defendant has now removed this action a second time.  Defendant filed the Notice of Removal on July 7, 2020.  (Dkt. 1 ("Removal").)  Defendant's removal is based on Plaintiff's response to Defendant's Request for Admission, wherein Plaintiff admitted she is a citizen of California.  (Id. at Van Parys Decl. ¶5; Ex. C.)  Defendant again alleges this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (Removal at ¶9.)  In addition, although Plaintiff's state court complaint does not specify the amount in controversy, Defendant believes it is at least $101,566.90.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute."  California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

**EXHIBIT D**

**22**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 20-6028 PA (JPRx) | Date | July 9, 2020 |
|---|---|---|---|
| Title | Diane Khachaturian v. LIVHOME, Inc. et al. | | |

"The Defendant also has the burden of showing that it has complied with the procedural requirements for removal." Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001) (citing Schwartz v. FHP Int'l Corp., 947 F.Supp. 1354, 1360 (D. Ariz. 1996)). Although generally "a proper removal notice must be filed within 30 days of service of the plaintiff's complaint," Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998) (citing 28 U.S.C. § 1446(b)), the thirty-day period for removal is not triggered if an initial pleading is not removable on its face. See Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). "In such case, the notice of removal may be filed within thirty days after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." Id. (quoting 28 U.S.C. § 1446(b)(3)).

"As a general rule, a party is not entitled to file a second notice of removal upon the same grounds where the district court previously remanded the action." Allen v. Utiliquest, LLC, 13-CV-4466, 2014 WL 94337, at *2 (N.D. Cal. Jan. 9, 2014). "A successive removal petition is only permitted upon a 'relevant change of circumstances'—that is, 'when subsequent pleadings or events reveal a new and different ground for removal.'" Reyes v. Dollar Tree Stores, Inc., 781 F.3d 1185, 1188 (9th Cir. 2015) (quoting Kirkbridge v. Cont'l Cas. Co., 933 F.2d 729, 732 (9th Cir. 1991)) (allowing successive removal after recent passage of federal law that created a new category of federal jurisdiction). "Where a court has previously remanded a removed action for a defendant's failure to meet its burden, successive notices of removal . . . generally must be based on information not available at the prior removal." Sweet v. United Parcel Serv., Inc., 19-CV-02653, 2009 WL 1664644, at *3 (C.D. Cal. June 15, 2009).

On June 12, 2020, Defendant received Plaintiff's response to Defendant's Request for Admission, wherein Plaintiff admitted she is a citizen of California. (Removal at Van Parys Decl. ¶5; Ex. C.) This information was not available to Defendant at the time of the first removal. Plaintiff's Complaint did not allege her state of domicile or citizenship. (Id. at Ex. A ¶3 ("Complaint") (Plaintiff "was employed by and worked for Defendants, and each of them, in the State of California, County of Los Angeles.").) Thus, Plaintiff's Request for Admission response constitutes the first pleading from which Defendant could clearly ascertain that Plaintiff is a citizen of California. Based on this new information, the successive Notice of Removal presents a different factual basis for removal than what Defendant asserted in the first removal. See Robin Invs., Inc. v. Shkolnik, 2013 U.S. Dist. LEXIS 193996, at *2-3 (C.D. Cal. July 18, 2013) ("A second removal, however, must be on grounds, either factual or legal, that are different from those asserted in the first removal.").

However, the Court finds that Defendant has failed to carry its burden in establishing that the $75,000 amount in controversy requirement for diversity jurisdiction has been satisfied. See 28 U.S.C. § 1332. When an action has been removed and the amount in controversy is in doubt, there is a "strong presumption" that the plaintiff has not claimed an amount sufficient to confer jurisdiction. Gaus, 980 F.2d at 566 (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–90 (1938)). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party

**EXHIBIT D**

**23**

Case 2:20-cv-08924-PA-JPR    Document 1-1    Filed 09/29/20    Page 24 of 37    Page ID
#:359
Case 2:20-cv-06028-PA-JPR    Document 7    Filed 07/09/20    Page 3 of 4    Page ID #:271

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 20-6028 PA (JPRx) | | Date | July 9, 2020 |
|---|---|---|---|---|
| Title | Diane Khachaturian v. LIVHOME, Inc. et al. | | | |

must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). "Conclusory allegations as to the amount in controversy are insufficient." Id. at 1090-91. "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

Here, the state court complaint alleges that Plaintiff seeks "[a]ll actual, consequential and incidental financial losses, unpaid wages, and restitution, together with pre-judgment interest, in an amount greater than $25,000.00." (Removal at 59.) Defendant estimates Plaintiff's recovery will be at least $101,566.90—but tellingly, Defendant only identifies $31,667.90 worth of total damages. The Court finds Defendant's assumptions regarding the amount in controversy are deficient in two reasons.

First, Defendant assumes 100% violation rates for Plaintiff's claims for meal period and rest break violations. (Id. at ¶32 ("Plaintiff alleges that 'any meals were/are eaten at Plaintiff's and all other staffing employees' desk while they perform their continuous duties' and is thus seeking a meal period penalty for each time she worked a shift that exceeded five hours."); ¶34 ("Plaintiff alleges that 'the amount of hands-on, at the ready work required made/makes rest periods an impossibility' and is thus seeking a rest period penalty for each time she worked a shift that exceeded four hours").) The Court is not convinced that a 100% violation rate is supported by the plain language of the Complaint. Nowhere does the Complaint allege that Plaintiff was denied both a meal and rest break on every day she worked for Defendant. Compare Armstrong v. Ruan Transport. Co., 2016 WL 6267931, at *3 (C.D. Cal. Oct. 25. 2016) (finding no basis for the court to assume the plaintiff meant the defendant failed to provide each and every legally required meal and rest period to each class member based on an allegation that the defendant "failed to provide all legally required unpaid, off-duty meal periods and . . . rest periods"); Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1199 (9th Cir. 2015) ("While it is true that the complaint alleges that [the defendant] maintains 'an institutionalized unwritten policy that mandates' the employment violations alleged in the complaint, including the denial of meal and rest periods, that does not mean that such violations occurred in each and every shift."); Arias v. Residence Inn by Marriott, 936 F.3d 920, 927 (9th Cir. 2019) ("Because a 'pattern and practice' of doing something does not necessarily mean always doing something . . . the defendant's assumed violation rate of 100% may or may not have been valid.") (citation and quotations omitted).

In addition, Defendant has not offered sufficient facts to show its assumptions are reasonable. The declaration from Defendant's CEO Ari Medoff does not present any facts regarding the likely average rate of meal period and rest period violations. See Garibay v. Archstone Communities LLC, 539 F. App'x 763, 764 (9th Cir. 2013) ("As the district court correctly explained, Archstone failed to provide any evidence regarding why the assumption that each employee missed two rest periods per week was more appropriate than 'one missed rest period per paycheck or one missed rest period per month.'"); Farley v. Dolgen California LLC, 16-CV-02501, 2017 WL 3406096, at *3 (E.D. Cal. Aug. 9, 2017) ("Without corroborating documents, Cheesman's declaration, on which defendant heavily relies, is

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 20-6028 PA (JPRx) | Date | July 9, 2020 |
|---|---|---|---|
| Title | Diane Khachaturian v. LIVHOME, Inc. et al. | | |

speculative and self-serving.").  Nor does the declarations present information to show that Defendant's assumed rate is reasonable.  For these reasons, Defendant has failed to demonstrate by a preponderance of the evidence the amount in controversy for meal and rest period penalties for purposes of removal.

Second, Defendant believes that "[i]t is reasonable to expect that Plaintiff has placed $69,899.00 in attorney fees at issue by asserting that she is an aggrieved employee based on the various alleged Labor Code violations."  (Removal ¶50.)  Defendant cites several examples of the attorney's fees that plaintiffs sought in other comparable cases.  However, Defendant makes no attempt to analogize the facts or circumstances of those cases to this action.  This is insufficient to support Defendant's allegations as to the amount in controversy.  See Serran v. Pac. Coast Feather Cushion Co., 2017 WL 3720630, at *3 (C.D. Cal. Aug. 28, 2017) ("Defendants attempt to satisfy their burden by citing cases that supposedly had 'allegations similar to this one' . . . [but] Defendants do not compare the allegations and circumstances of those cases with those of the instant matter.  Thus, Defendants' citation to these cases does not satisfy their burden of showing the amount in controversy through evidence and argument.") (citation omitted); Schneider v. Ford Motor Co., 2020 WL 991531, at *4 (N.D. Cal. Mar. 2, 2020) ("Defendants point to the $300,000 fee recently claimed by Plaintiff's counsel in another Ford Motor case.  Yet, Defendants fail to explain how that case accords with this case.  All that Defendants claim is that the same counsel appears in each case and that the subject-matter of the cases are the same.  They do not, however, compare or contrast the litigation strategies or the litigation timelines of the two cases.").  Because Defendant has not given the Court specific evidence regarding attorney's fees, it has failed to demonstrate by a preponderance of the evidence the amount in controversy for attorney's fees for purposes of removal.[1/]

Defendant has failed to satisfy the burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000 as required for diversity jurisdiction.  Therefore, the Court finds that it lacks subject matter jurisdiction over this case.  The Court hereby remands this action to the Superior Court of California, County of Los Angeles, case number 20STCV08469, for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

---

[1/]    Defendant also briefly contends that the amount in controversy is satisfied because Plaintiff alleged in her prior federal court complaint that the amount in controversy exceeded $75,000.  (Removal at ¶21.)  However, that complaint was dismissed without prejudice because Plaintiff failed to establish subject matter jurisdiction.  Defendant has not presented any case law to support its conclusion that these prior allegations should carry weight here.  Moreover, Plaintiff did not re-allege in her state court complaint that the amount in controversy exceeds $75,000.  For these reasons, the Court finds this argument is unpersuasive and insufficient to carry Defendant's burden in establishing the amount in controversy has been met.

# EXHIBIT  E

# EXHIBIT  E

1   CAROTHERS DISANTE & FREUDENBERGER LLP
        Joel Van Parys, State Bar No. 227387
2       jvanparys@cdflaborlaw.com
        Nicole A. Legrottaglie, State Bar No. 271416
3       nlegrottaglie@cdflaborlaw.com
    900 University Avenue, Suite 200
4   Sacramento, CA 95825
    Telephone:  (916) 361-0991
5
    LEGALLY NANNY®
6       Robert E. King, State Bar No. 198325
        info@legallynanny.com
7   37 Trailwood
    Irvine, CA 92620-1216
8   Telephone:  (714) 336-8864
    Facsimile:  (714) 389-3971
9
    Attorneys for Defendant
10  LIVHOME, INC.

11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12              **COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

13

| | |
|---|---|
| 14 DIANE KHACHATURIAN, an individual, on behalf of herself, other current and former 15 aggrieved employees, and the State of California, as a private attorneys general, 16 | ) Case No. 20STCV08469 ) ) Assigned for All Purposes To: ) Judge: Hon. David J. Cowan ) Dept:   20 |
| 17 Plaintiffs,  vs. | ) ) **DEFENDANT LIVHOME, INC.'S** |
| 18 LIVHOME, INC., a Delaware corporation; and DOES 1 through 25, inclusive, 19 20 Defendants. | ) **REQUEST FOR ADMISSION, SET TWO** ) **TO PLAINTIFF DIANE** ) **KHACHATURIAN** ) ) Action Filed:   February 28, 2020 ) |

21

22      PROPOUNDING PARTY:   LIVHOME, INC.

23      RESPONDING PARTY:    DIANE KHACHATURIAN

24      SET NO.:             TWO

25

26

27

28

---

CAROTHERS DISANTE &
FREUDENBERGER LLP

1660760.1

                                    DEFENDANT'S RFA, SET TWO TO
                                                      PLAINTIFF

**EXHIBIT E**

**27**

1   TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

2        Defendant LivHOME, Inc. ("Defendant") hereby requests Plaintiff Diane Khachaturian to

3   admit the truth of each of the following requests under oath pursuant to California Code of Civil

4   Procedure Section 2033.010 *et seq.* within thirty (30) days from the date of service hereof.

5   **REQUEST FOR ADMISSION NO. 11**:

6        Please admit that the total amount of monetary damages that you are seeking in this lawsuit

7   exceeds seventy-five thousand American dollars ($75,000), exclusive of interest, costs, and civil

8   penalties pursuant to Labor Code section 2699 *et seq.*

9

10   Dated:  July 28, 2020        CAROTHERS DISANTE & FREUDENBERGER LLP

11

12                 By:  _____

13                         Joel Van Parys
                      Nicole A. Legrottaglie
          Attorneys for Defendant

14             LIVHOME, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                    1              DEFENDANT'S RFA, SET TWO TO PLAINTIFF

1

## PROOF OF SERVICE

2

3       STATE OF CALIFORNIA, COUNTY OF SACRAMENTO.

4       I, the undersigned, declare that I am employed in the aforesaid County, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 900 University

5   Avenue, Suite 200, Sacramento, CA 95825.  On July 28, 2020, I served upon the interested party(ies) in this action the following document described as:

6

7       **DEFENDANT LIVHOME, INC.'S REQUEST FOR ADMISSION, SET TWO TO PLAINTIFF DIANE KHACHATURIAN**

8       By the following method:

9   J.B. Twomey                              Kunal Jain
    J.B. TWOMEY LAW                          James L. Hanger III
10  7056 Archibald Street, Suite 102-452     JAIN LAW OFFICES, P.C.
    Corona, CA 92880                         10866 Wilshire Blvd, Ste. 400-#777
11  Telephone: (310) 980-6357                Los Angeles, CA 90024
                                             Telephone: (310)-957-2214
12  FAX: (818) 937-6897
    E-MAIL: JB@JBTwomeyLaw.com               FAX: (424)-313-7123
13                                           E-MAIL: Kunal@JainLawOffices.com;
                                             James@JainLawOffices.com
14

15  [X]   **(Service By Electronic Transmission**)  Per California Rules of Court Emergency Rule 12 requiring parties to accept service by electronic transmission until 90 days after the Governor

16        declares that the state of emergency related to the COVID-19 pandemic is lifted, I caused the documents to be sent to the persons at the electronic notification addresses listed above.

17        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

18

19        Executed on July 28, 2020, at Sacramento, California.

20  _____             *Elizabeth P. Kastern*
            Elizabeth P. Kastern             _____
21          (Type or print name)                      (Signature)

22

23

24

25

26

27

28
                                            _____
    CAROTHERS DISANTE &         2           DEFENDANT'S RFA, SET TWO TO
    FREUDENBERGER LLP                                  PLAINTIFF

    1660760.1

# EXHIBIT  F

# EXHIBIT  F



1  **J.B. TWOMEY LAW**
J.B. Twomey [SBN 294206]
2  JB@JBTwomeyLaw.com
3  7056 Archibald Street, Suite 102-452
Corona, California 92880
4  Telephone: (310) 980-6357
Facsimile: (818) 937-6897
5
**JAIN LAW OFFICES, P.C.**
6  Kunal Jain, SBN 296642
Kunal@JainLawOffices.com
7  James L. Hanger III, SBN 293416
James@JainLawOffices.com
8  10866 Wilshire Blvd, STE 400-#777
Los Angeles, CA 90024
9  Business: (310)-957-2214
Facsimile: (424)-313-7123
10
Attorneys for Plaintiff,
11      DIANE KHACHATURIAN

12          SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR

13      THE COUNTY OF LOS ANGELES – CENTRAL – STANLEY MOSK COURTHOUSE

14

15  DIANE KHACHATURIAN, an individual, on        **Case No.** 20STCV08469
behalf of herself, other current and former
16  aggrieved employees, and the State of California,
as a private attorneys general,                **PLAINTIFF DIANE KHACHATURIAN'S**
17                                              **RESPONSES TO DEFENDANT LIVHOME,**
            Plaintiffs,                          **INC.'S REQUESTS FOR ADMISSION, SET**
18                                              **TWO**
    vs.
19
    LIVHOME, INC., a Delaware corporation; and
20  DOES 1 through 25, Inclusive,               *[Assigned for all purposes before the Honorable*
                                                *David J. Cowan, Department 20]*
21          Defendants.

22

23

24

25  ///

26  ///

27  ///

28
                            – 1 –
      PLAINTIFF DIANE KHACHATURIAN'S RESPONSES TO DEFENDANT LIVHOME, INC.'S REQUESTS FOR
                            ADMISSION, SET TWO

1  PROPOUNDING PARTY:   **LIVHOME, INC.**

2  RESPONDING PARTY:    **DIANE KHACHATURIAN**

3  SET NO.:             **TWO**

4

5                          **PRELIMINARY STATEMENT**

6        It should be noted that Plaintiff DIANE KHACHATURIAN (hereinafter referred to as

7  "Responding Party," "Plaintiff,") has not fully completed Plaintiff's investigation of the facts

8  relating to this case, has not fully completed Plaintiff's discovery in this action and has not

9  completed Plaintiff's preparation for trial. All the responses contained herein are based only upon

10 such information and documentation as is presently available to and specifically known to Plaintiff.

11 It is anticipated that further discovery, independent investigation, legal research and analysis will

12 supply additional facts, add meaning to the known facts, as well as, establish entirely new

13 conclusions and legal contentions, all of which may lead to substantial changes in and variations

    from the contentions set forth herein.

14        The following responses are given without prejudice to Plaintiff's right to produce evidence

15 of any subsequently discovered facts which Plaintiff may later recall. Accordingly, Plaintiff

16 reserves the right to change any responses herein as additional facts are ascertained and analyses are

17 made. The responses contained herein are made in a good faith effort to supply as much factual

18 information and as much specification of legal contentions as are presently known, but should in no

19 way be to the prejudice of Plaintiff in relation to further discovery, research or analysis.

20

21                          **GENERAL OBJECTIONS**

22        Plaintiff objects to Defendant LIVHOME, INC.'s (hereinafter referred to as "Defendant" or

23 "Propounding Party") Requests for Admissions, Set Two on the following grounds, each of which

24 is incorporated by reference in the responses to the individual requests, *infra*. All responses to the

25 individual requests are subject to and without waiver of any of these general objections.

26   1.  Plaintiff objects to each Request/Demand, Instruction, or Definition which seeks

27       information which is neither relevant or material to the subject matter of this action, nor

28       reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to

                                       – 2 –
PLAINTIFF DIANE KHACHATURIAN'S RESPONSES TO DEFENDANT LIVHOME, INC.'S REQUESTS FOR ADMISSION, SET TWO

each Request/Demand, Instruction, or Definition which purports to impose obligations greater than those imposed by the *California Code of Civil Procedure* or the *California Rules of Court*. In responding to these Requests/Demands, Plaintiff will comply with the *California Code of Civil Procedure* and the *California Rules of Court*, but will not comply with any definition or instruction that seeks to impose further requirements.

2. Plaintiff objects to each Request/Demand as vague, ambiguous, unintelligible, overboard, unduly burdensome, harassing, and oppressive.  Accordingly, Plaintiff reserves the right to supplement these responses after discovery has been completed in this action.

3. Plaintiff objects to each Request/Demand to the extent that the information sought by Defendant is equally available to Defendant, and/or is in its possession.

4. Plaintiff objects to each Request/Demand to the extent that they seek information protected by the attorney-client privilege, the attorney work-product doctrine, the physician-patient privilege, the psychotherapist-patient privilege, right to privacy, or information that is otherwise privileged or immune from discovery. These objections include, but are not limited to, information that Defendant seeks regarding communications between Plaintiff and Plaintiff's attorney(s) made during or in anticipation of litigation.

///

///

///

///

///

///

///

1

## <u>RESPONSES TO REQUESTS FOR ADMISSION</u>

2

3
**<u>REQUEST FOR ADMISSION No. 11:</u>**

4
     Please admit that the total amount of monetary damages that you are seeking in this lawsuit

5
exceeds seventy-five thousand American dollars ($75,000), exclusive of interest, costs, and civil

6
penalties pursuant to Labor Code section 2699 et seq.

7
**<u>Response to REQUEST FOR ADMISSION No. 11:</u>**

8
     Admit.

9

10

11

12
DATED:  August 28, 2020                                    **J.B. TWOMEY LAW**

13
                                         BY:_____

14
                                             J.B. Twomey

15
                                           Attorney for Plaintiff,
                                           DIANE KHACHATURIAN

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF DIANE KHACHATURIAN'S RESPONSES TO DEFENDANT LIVHOME, INC.'S REQUESTS FOR ADMISSION, SET TWO



EXHIBIT F

35

## PROOF OF SERVICE

### STATE OF CALIFORNIA

I am a resident of or employed in the county where the mailing took place.  At the time of service, I was at least 18 years old and not a party to this action.  My business address is: 7056 Archibald Street, Suite 102-452, Corona, California 92880.

On August 28, 2020, I served the following documents described as:

**PLAINTIFF DIANE KHACHATURIAN'S RESPONSES TO DEFENDANT LIVHOME, INC.'S REQUESTS FOR ADMISSION, SET TWO; VERIFICAION**

by placing true copies thereof enclosed in sealed envelopes and/or packages and/or electronic versions addressed to the persons listed in **SERVICE LIST** attached and

**[xx]**  **BY ELECTRONIC MAIL**: Pursuant to California Rules of Court Emergency Rule 12 requiring the parties to accept service by electronic transmission until 90 days after the Governor declares that the state of emergency related to COVID-19 is lifted, and/or Los Angeles County Superior Court's May 3, 2019 First Amended General Order and California Rules of Court, Rule 2.251(c)(3), and/or an agreement between the parties, I caused the herein described document(s) to be delivered electronically to the addressee(s), whose name(s) and electronic mail address(es) are set forth in the **SERVICE LIST** attached.

**[ ]**  **BY MAIL**: in Corona, California, I placed the sealed envelope for collection and for mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.  I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[ ]**  **BY FACSIMILE:** I served said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the *California Rules of Court*.  The telephone number of the sending facsimile machine was (818) 937-6897.  The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the **SERVICE LIST** attached.  A transmission report was properly issued by the sending facsimile machine, and the transmission was reported as complete and without error.

**[ ]**  **BY HAND DELIVERY**: I caused such envelope(s) to be delivered by hand to the office of the addressee(s) listed in **SERVICE LIST** attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this August 28, 2020, at Corona, California.

_____
J.B. TWOMEY

– 1 –
PROOF OF SERVICE

**EXHIBIT F**

**36**

1

<u>**SERVICE LIST**</u>

2

<u>**BY ELECTRONIC MAIL**</u>:

3

**Carothers DiSante & Freudenberger LLP**

4

Joel Van Parys, Esq.

5

jvanparys@cdflaborlaw.com

6

Melissa Adams, Esq.

7

madams@cdflabor.com

8

9

**Legally Nanny**

10

Bob King, Esq.

11

info@legallynanny.com

12

*Attorneys for Defendant*

13

14

**JAIN LAW OFFICES, P.C.**

15

Kunal Jain, Esq.

16

Kunal@JainLawOffices.com

17

James Hanger, Esq.

18

James@JainLawOffices.com

19

*Co-Attorneys for Plaintiff*

20

21

22

23

24

25

26

27

28